UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| THE CIRCA LIVING TRUST<br>2303 Bancroft Pl. NW<br>Washington, DC 20008<br>    *Plaintiff,*<br><br>          v.<br><br>THE EMBASSY OF THE REPUBLIC OF<br>EL SALVADOR,<br>2308 California St. NW<br>Washington, DC 20008<br>    *Defendant,*<br>and<br><br>OWNERS OF 2306 CALIFORNIA ST. NW<br>2306 California St. NW<br>Washington, DC 20008<br>    *Defendant*<br><br>and<br><br>SCOTT AND LUZ DRISCOLL.<br>2310 California St. NW<br>Washington, DC 20008<br>    *Defendant* | Case No: |

## COMPLAINT

### (Trespass to Land, Trespass to Chattel, Conversion, and Nuisance)

Plaintiff, Circa Living Trust, by and through the undersigned counsel, hereby submits this complaint against the Defendants, The Embassy of El Salvador, Scott and Luz Driscoll, as well as the owners of 2306 California St. NW in Washington DC related to the Defendants trespass to Plaintiff's land and chattel, conversion of property, as well as nuisance.

### Parties

1

1. Plaintiff is a trust and owner of the property 2303 Bancroft Pl. NW in Washington, DC.

2. Defendant Owners of 2306 California St. NW are owners of the property located at 2306 California St. NW in Washington, DC.

3. Defendants Scott and Luz Driscoll, under information and belief, are the owners of the property located at 2310 California St. in Washington, DC.

4. Defendant Embassy of El Salvador is the Republic of El Salvador's largest and main diplomatic mission in the United States and is an agent or instrumentality of the Republic of El Salvador as defined in 28 U.S.C. § 1603.

## Jurisdiction and Venue

5. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1330(a) and 28 USC. § 1332(a)(1) and (a)(4) based upon diversity of citizenship, Plaintiff is trust created in and operating in the District of Columbia and Defendant the Embassy of the Republic of El Salvador is a foreign state agent or instrumentality as defined by 28 USC § 1603 and because the amount in controversy exceeds $75,000.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(f)(1) and 28 U.S.C. §§ 1391(f)(4) wherein a substantial part of the events or omissions giving rise to the claims occurred.

## Facts

7. Parties in this case are all neighbors who own property in the Kalorama Heights section of Washington, DC

8. Defendants' property borders Plaintiff's property via a rear alley, which only the Defendants have access to.

9. The alley way is relatively small compared to typical Washington DC alleys, in that only the three (3) Defendant properties are situated with the alley at the rear of their property and are the only properties with access to the alley via California St.

10. At the rear of Plaintiff's property which borders the alleyway, Plaintiff erected two fences.

11. One fence is a large wooden privacy fence, made out of unique wood and custom built to the property.

12. The second fence directly the above-described alleyway and was a metal chain link fence meant to protect the expensive and ornate wooden privacy fence.

13. Plaintiff erected the second protective metal fence in 2004 due to an incident wherein an automobile collided with the wood fence causing damage.

14. During the seventeen year period where the metal fence was in place, another similar incident, or collision did not occur.

15. Under information and belief, at some time in the year 2020, the Defendants decided that they did not like the metal fence. Without consulting with the Plaintiff and without the Plaintiff's consent or knowledge, the Defendants illegally removed the protective metal fence.

16. On or about April 2, 2021, an automobile in the alleyway collided with the protective wooden fence causing damage.

17. Under information and belief the automobile or individual who collided with the fence was either one of the Defendants, or an agent, guest, or otherwise acting for or on behalf of the Defendants.

18. As a result of the collision, Plaintiff will need to replace the wooden fence, as well as re-do the landscaping and re-install security equipment attached to the wooden fence.

19. Additionally, the repair to the fence has been delayed due to shortage in the wood available to rebuild the fence. This delay has caused further damage to the Plaintiff because the Plaintiff is currently in the process of either selling or renting the property.

**Claims**

**Count I**

**(Trespass to Land*)***

20. Plaintiff repeats and re-alleges paragraphs 1 through 18 above as though fully set forth in this claim

21. Defendants' action of removing the fence constituted was unlawful, unconsented to, and was done without Plaintiff's knowledge.

22. Such actions constitute a Trespass to Plaintiff's land.

23. Defendants', or Defendants' agent or guest subsequently collided with Plaintiff's wooden fence causing damage. Such collision is a trespass to Plaintiff's land.

**Count II**

**(Trespass to Chattel)**

24. Plaintiff repeats and re-alleges paragraphs 1 through 22 above as though fully set forth in this claim

25. Defendants' action of removing the fence constituted was unlawful, unconsented to, and was done without Plaintiff's knowledge. Such actions constitute a Trespass to Plaintiff's chattel.

26. Defendants', or Defendants' agent or guest subsequently collided with Plaintiff's wooden fence causing damage. Such collision is a trespass to Plaintiff's chattel.

## Count III
### (Conversion)

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 above as though fully set forth in this claim

28. Defendants' action of removing the fence constituted was unlawful, unconsented to, and was done without Plaintiff's knowledge. Such actions constitute a conversion of Plaintiff's property.

29. Defendants', or Defendants' agent or guest subsequently collided with Plaintiff's wooden fence causing damage and Defendants' are liable for such damage.

## Count IV
### (Nuisance)

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 above as though fully set forth in this claim

31. As a result of Defendant's actions, as alleged herein, Plaintiff is unable to sell or rent the property as planned.

## Relief Requested

1. Compensatory and punitive damages incurred as a result of Defendants' above-described actions in an amount to be proven at trial.

2. Attorneys' fees and court costs associated with maintaining this action.

3. Pre-judgement and post judgement interest on the principal amount found due.

4. Any other relief the Court deems appropriate under the circumstances.

Respectfully Submitted,

/s/ Robert Pfeferman
Robert Pfeferman
D.C. Bar No. 1020347
1627 K Street, NW Suite 400
Washington, DC 20006
*Attorney for Plaintiff*
